JACK L. SMITH *et al.*, Plaintiffs-Appellees, *v.* WILLIAM STURGEON, Defendant-Appellant.

Fourth District No. 13121

Opinion filed January 22, 1976.—Rehearing denied March 8, 1976.

Whitney D. Hardy, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellant.

No appearance for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On May 14, 1973, the plaintiffs entered into an installment real estate contract with the defendant wherein defendant agreed to purchase certain property at a price of $5000 with interest, to be paid in monthly installments of $50 each. From June 1, 1973, through April 30, 1974, the defendant made two out of nine payments at the time designated in the contract with the remaining payments being made from two to sixty days late. On July 1, 1974, the plaintiffs notified the defendant that,

due to the nonpayment of three months' installments, he was in default on the contract, that the contract was forfeited, and that they were demanding immediate possession.

On September 10, 1974, the plaintiffs filed a small claims complaint for six months' installments and possession of the premises. Following defendant's motion to dismiss, the plaintiffs, on October 1, 1974, filed an amended complaint requesting the immediate, exclusive possession of the premises and attorney's fees plus costs. Defendant filed further motions to dismiss, an answer containing nine affirmative defenses, and a six-count counterclaim with a jury demand. Plaintiff then filed a motion for summary judgment with supporting affidavits and on January 3, 1975, the trial court entered an order granting summary judgment in favor of the plaintiffs on the complaint and on defendant's counterclaim.

■■ Among defendant's affirmative defenses was an allegation that the plaintiffs had accepted a pattern of late payments and were therefore estopped to demand a forfeiture. The right to forfeit a contract may be waived where the contract provides for prompt payment at fixed dates and payments are not so made but have been made and accepted after they become due. (*Cottrell v. Gerson*, 371 Ill. 174, 20 N.E.2d 74.) Whether the continued acceptance of such past due payments without a demand for more prompt payment constitutes waiver of a provision in the contract is a question of fact. (*Kingsley v. Roeder*, 2 Ill.2d 131, 117 N.E.2d 82; *Fox v. Grange*, 261 Ill. 116, 103 N.E. 576.) Thus, the pleadings establish a genuine issue as to a material fact, making this case unsuitable for disposition by way of summary judgment.

■■ It was error for the trial court to enter summary judgment in favor of the plaintiffs without conducting a hearing as to the factual dispute. The cause must be remanded for a hearing to determine whether plaintiffs' acceptance of the late payments constitutes a waiver of the contractual provision for timely payment.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.